

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.  )
)
Adam Palinski R-28536             )
(Full name and prison number)      )
(Include name under which convicted) )
)                                  08CV 4581
PETITIONER                         )   JUDGE KENDALL
)                                  MAGISTRATE JUDGE KEYS
vs.                                )
)
Warden Joseph Mathy                )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and                    )
)
(Fill in the following blank only if judgment )
attacked imposes a sentence to commence )
in the future)                     )
)
ATTORNEY GENERAL OF THE STATE OF   )   Case Number of State Court Conviction:
)
_____    )   02 CF 883, 02 CF 2346
(State where judgment entered)     )

**PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: Du Page County, Eighteen Judicial Circuit Court of Illinois

2. Date of judgment of conviction: November 6, 2003 (02CF883) November 19, 2003 (02CF-2346)

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
Arson, Aggravated Arson, (02 CF 883), Solicitation of Murder for Hire (02 CF 2346)

4. Sentence(s) imposed: 6 yrs, 10 months on arson, 15yrs on Agg. Arson (concurrent) 24yrs on Solicitation (consecutive)

5. What was your plea? (Check one)  (A) Not guilty   (x)
    (B) Guilty         ( )
    (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

_____

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):  Jury (x)  Judge only ( )

2. Did you testify at trial?  YES (x)  NO ( )

3. Did you appeal from the conviction or the sentence imposed? YES (x) NO ( )

   (A) If you appealed, give the

       (1) Name of court: Second District Appellate Court of Illinois

       (2) Result: affirmed

       (3) Date of ruling: Oct. 21, 2005

       (4) Issues raised: the state tender of exculpatory evidence after the conclusion of trial, which had been in their possession prior to trial, constituted a Brady violation and required a new trial. (see attached pages)

   (B) If you did not appeal, explain briefly why not:

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (x)  NO ( )

   (A) If yes, give the

       (1) Result: denied

       (2) Date of ruling: 1/25/06

       (3) Issues raised: the state's disclosure of exculpatory evidence after Palinski's trial in the arson matters warrants consideration by this court. The decision of the Appellate Court was inconsistent (see attached pages)

   (B) If no, why not:

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes (x) No ( )

   If yes, give (A) date of petition: 4/18/06  (B) date *certiorari* was denied: 6/19/06

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES (x)   NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court: Du Page County, Eighteenth Judicial Circuit Court of Illinois

    B. Date of filing: Oct. 27, 2006

    C. Issues raised: Defendant contends his Fifth Amendment rights were violated Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal relating to this issue. Defendant (see attached pages)

    D. Did you receive an evidentiary hearing on your petition?     YES ( )  NO (x)

    E. What was the court's ruling?   summarily dismissed

    F. Date of court's ruling:   1/19/07

    G. Did you appeal from the ruling on your petition?     YES (x)  NO ( )

    H. (a)   If yes, (1) what was the result?   affirmed

                    (2) date of decision:   6/5/08

        (b)   If no, explain briefly why not: _____

    I. Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES ( )   NO (x)

        (a)   If yes, (1) what was the result?   _____

                    (2) date of decision:   _____

        (b)   If no, explain briefly why not: none of those issues are being raised in this petition.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )     NO (x)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding   _____

      2. Date petition filed   _____

      3. Ruling on the petition   _____

      4. Date of ruling   _____

      5. If you appealed, what was the ruling on appeal?   _____

      6. Date of ruling on appeal   _____

      7. If there was a further appeal, what was the ruling?   _____

      8. Date of ruling on appeal   _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (x)

   A. If yes, give name of court, case title and case number: _____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____

      (2) Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )     NO (x)

   If yes, explain: _____

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one  The state's tender of exculpatory evidence after the
Supporting facts (tell your story briefly without citing cases or law):

conclusion of trial, which had been in their possession prior to trial, constituted a Brady violation and required a new trial. Defendant's defense at the arson trial was that he made a false confession. That position was clear to the state at all stages of Palinski's representation by Wayne Brucar and John Yetter, and was the subject of a great deal of motion practice prior to the Arson trial. Both sides made the admissibility and credibility of the confession the centerpiece of
(see attached pages)

(B) Ground two  Petitioner's statements should have been suppressed as
Supporting facts:

his requests for an attorney were not honored and the video of only the last half hour of his statement was a violation of his Due Process rights and the completeness doctrine. Petitioner claims that he made several unheeded requests for an attorney during his interrogation. (AC 623,624,625,115,117) Cooley, his interrogator, claims that no such requests were made. (AC 521,525) Cooley admitted, however, that when he asked the question, "having these rights in mind, do you wish to talk to
 (see attached pages)

(C) Ground three <u>Dr. Corcoran's testimony regarding Petitioner's</u>
   Supporting facts:

<u>narcissistic personality disorder was vital to his defense of false</u>

<u>confession and should have been allowed to be presented to the jury.</u>

<u>On October 31, 2002, a motion for a fitness hearing was filed on</u>

<u>Palinski's behalf (S.C. 24) and Dr. Corcoran was ordered to perform a</u>

<u>fitness examination of petitioner. (AC 76, SC 23) On February 5, 2003,</u>

<u>Dr. Corcoran's report finding petitioner fit was stipulated to on the</u>

<u>record. (AC 474-475) On October 20, 2003, petitioner disclosed to the</u>
(see attached pages)

(D) Ground four <u>Passages from petitioner's journals which were not relevant</u>
   Supporting facts:

<u>in time or content to the case at bar should have been excluded from</u>

<u>trial. Before the start of the second day of trial, Palinski made a</u>

<u>motion to bar the state from publishing to the jury portions of a</u>

<u>journal which had been confiscated from his room at the time of the</u>

<u>search of his house. (AC 858) The motion was based on references the</u>

<u>state made to said passages in its opening statement and its present-</u>

<u>ation of a witness to identify Palinski's handwriting. (AC 858-858A)</u>
(see attached pages)

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (X)   NO ( )

3. If you answered "NO" to question (2), state <u>briefly</u> what grounds were not so presented and why not:

6

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  Jack Donahue, address unknown

(B) At arraignment and plea  Jack Donahue, address unknown

(C) At trial  Wayne Brucar and Jack Yetter, 500 Roosevelt Rd. Suite 330 Glen Ellyn, Il 60137

(D) At sentencing  the same as above for trial

(E) On appeal  the same as above for trial and sentencing

(F) In any post-conviction proceeding  Mr. White, Assistant Defender, 2010 Larkin Ave. Elgin, Il 60123

(G) Other (state): _____

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 8/6/08
(Date)

Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Adam Palinski
(Signature of petitioner)

R-28536
(I.D. Number)

P.O. Box 99 Pontiac, IL 61764
(Address)

( Continued from page 2 issues raised on direct appeal)

2. Palinski's statements should have been suppressed as his requests for an attorney were not honored and the video of only the last half-hour of his statement was a violation of his Due Process rights and the completeness doctrine.
3. Dr. Corcoran's testimony regarding Palinski's narcissitic personality disorder was vital to his defense of false confession and should have been allowed to be presented to the jury.
4. Passages from defendant's journals which were not relevant in time or content to the case at bar should have been excluded from trial.
5. The State failed to prove beyond a reasonable doubt that Palinski was not entrapped into solicitation to commit murder.
6. The Court erred in allowing the State to present details of Palinski's arson case to the jury in his solicitation of murder for hire trial.
7. The failure to disclose Tom Mottier as a witness in the solicitation trial should have acted as a bar to his testimony.
8. As Palinski's sentence on the arson, aggravated arson and solicitation was aggravated by the use of the facts of the aggravated battery case, his trial on that matter is barred by double jeopardy.
9. The sentence imposed upon Palinski was excessive in consideration of the crimes he was convicted of and his lack of criminal history.
( Continued from page 2 issues raised in petition for leave to appeal to the Illinois Supreme Court)

with the law and misapprehends the arguments and facts.
2. Palinski's statements should have been suppressed by the trial court and the State's use of the video taped thirty minutes of a lengthy interrogation violates the completeness doctrine and denied Palinski the ability to put his statements before the jury in a manner which gave them the benefit of their complete context.
3. The trial Court ruling denying Palinski the use of an expert witness at trial was an abuse of discretion which

-8-

prevented the jury of a complete understanding of Palinski's testimony and his defense.

4. The prosecution's use of prejudicial passages from Palinski's school journals was allowed in error and was an abuse of the Court's discretion.

5. The Prosecution's extensive use of detailed testimony about the Arson at his Solicitation of Murder trial was prejudicial and denied Palinski a fair trial on the merits of the case by its implication that the Defendant was predisposed to committing crimes.

6. The State's presentation of detailed testimony about an alleged aggravated battery at his sentencing for the arson and solicitation cases and the Court's admission that the evidence enhanced the sentence given subjects Palinski to a violation of his Fifth Amendment rights against double jeopardy.

( Continued from page 5 Ground (A))

## ISSUES PRESENTED FOR REVIEW

pretrial litigation as there was no physical evidence connecting defendant to the fires. The State successfully went forward on a motion in limine to keep Palinski from having Dr. Corcoran testify to Palinski's narcissistic personality disorder and his tendency to engage in grandiose lies. The State failed to disclose the information contained in Detective Garlish's report, that Palinski will give a false confession if that is what he thinks the police want, which goes to the heart of Palinski's defense. On its own it would change the entire nature of the case against Palinski and would support every argument made at trial by Palinski's attorneys. Palinski position is unique in that the disclosure came neither in late pretrial stages nor during trial, but after the verdict. It is uncontroverted that Detective Cooley was present during the questions and answers that were used to generate Detective Garlish's report. It is uncontroverted

that the State had possession of these reports of the simultaneous investigation of Palinski's involvement in the murder of John Conrad. Defendant's statement-in the presence of his interrogator in the arson matters- that he made a false confession to the murder because that's what he thought his interrogators wanted to hear is favorable and relevant and goes to the heart of his defense on both an evidentiary and psychological basis.

( Continued from page 5 Ground (B))

us now?" petitioner asked if he needed an attorney. Cooley responded that he could not provide him with legal advice. (AC 520) When asked why petitioner's statement about needing a lawyer was not in his report of the interview, Cooley stated "That was a very quick question and he answered yes, that he was willing to talk to us, so I did not." (AC 526) It can at a minimum be described as suspicious that Cooley, shortly before the hearing on the Motion to Suppress, suddenly comes forward and indicates that when he asked Palinski the question," having these rights in mind, do you wish to talk to us now?" Palinski asked if he needed an attorney, to which Cooley responded that he could not provide him with legal advice. (AC 520) When asked why Palinski's statement about needing a lawyer was not in his initial report of the interview, Cooley stated "That was a very quick question, and he answered yes, that he was willing to talk to us, so I did not." (AC. 112,526)

(Continued from page 6 Ground (C))

State, pursuant to Supreme Court Rule 213(f) and (g), that it was his intent to call Dr. Corcoran as an expert witness and attached his fitness report. (AC. 646) At a hearing on the State's Motion in Limine to prevert Dr. Corcoran from testifying at trial, the defense made it clear that it intended to call Dr. Corcoran to proffer evidence relating to the facts and circumstances surrounding Palinski's confession,

-10-

including that of his mental state. (AC. 642-643) The State
argued that there was nothing relevant in the fitness report
that relate to the facts and circumstances surrounding the
confession and that since 725 ILCS 5/104-14 states that
statements made by the defenddant and information gathered
in the course of any examination or treatment ordered under
Section 104-13, 104-17 or 104-20 shall not be admissible
against the defendant unless he raises the defense of insanity
or the defense of drugged or intoxicated condition, in which
case they shall be admissible only on the issue of whether
he was insane, drugged, or intoxicated, they would be denied
the ability to cross examine Dr. Corcoran. (AC 643-644)
The trial court in excluding the testimony of Dr. Corcoran,
stated: It lists Dr. James Corcoran, citing Supreme Court
Rules 213(f) and (g) which is expert witness. They don't
allege exactly what he's gonna say, but they refer you to
a report of January 30 of 03. This offense was roughly a
year prior to that, January of 02 date. The statements that
was saw in the motion to suppress were on or about in March
of 02. The circumstances, obviously Dr. Corcoran was not
a time concurrent witness to any of the statements. I would
assume that his opinion and discussion he would give would
be based on what Mr. Palinski told him. I think the State
is barred from being effectively able to cross examine him
if he were to testify. (AC. 645-646)
Here, Palinski was seeking to have an opinion proffered
as to his state of mind at the time of his statements to
Cooley. Palinski's defense was false confession. Dr. Corcoran's
report indicated that he suffered from a narcissistic personality
disorder. (SC. 44) This finding corroborated the theory
of defense. Indeed, Palinski himself was allowed to testify
to said disorder. (AC. 1124) If Palinski offered Dr. Corcoran
as a witness, cross-examination is then a given. This would
not be a basis for exclusion.

-11-

(Continued from page 6 Ground (D))

The quotes at issue were:

> Okay so let me try to explain. I want to destroy something beautiful. I have this overwhelming urge to destroy something and just be bad. Call it misplaced teen anxt (sic) or hormones or evil, or whatever. I'm full of this fire, though, and it's burning out of control."

> I'm pissed off and want to act out my rage.

The quotes were dated 11/20/01. They were part of a school assignment book in which Palinski was keeping a journal for a grade in the class. (AC. 859) Palinski at trial explained that the journal were part of a school creative writing project and imbued with hyperbole to improve his grade. (AC 1123) The trial court held that the quotes were admissible based on relevancy and time frame. (AC. 862A) The trial court further ruled that passages six months or more removed from the events at issue were not admissible. (AC. 864) The trial court did not rule on prejudicial versus probative value. As a result Palinski was forced to enter other portions of his journal to try to counteract the prejudicial effect of the out of context passages. (AC. 966)

While it is entirely proper for the State to prove a motive, it is not enough that the State merely produce evidence of motive in the abstract. The motive must be attributable to the defendant on trial at the time crime was committed.

Here, the context and time of the passages the State proffered bore no relationship to the events at issue and could have only prejudiced the jury. Further, an expert that could have given context to the passages, Dr. Corcoran, was excluded from testimony by motion of the State. The

context of the journal offered by Palinski, that it was part of a school assignment book in which Palinski was keeping a journal for a grade in the class (AC. 859) should have been sufficient to keep it from the jury.

( Ground (E))

The Court erred in allowing the State to present details of Palinski's Arson case to the jury in his Solicitation of Murder for Hire trial.

Palinski sought to have evidence of the arsons he was accused and subsequently convicted of excluded from the solicitation trial. In response, the trial court engaged in a convoluted series of rulings which allowed blatantly prejudicial testimony to be presented to the jury. The Court denied Palinski's Motion to Bar the playing of the audio tape of Palinski's conversation with Mottier. (SC.359) The Court initially granted Plainski's Motion to Bar testimony about the Arson-"Any testimony regarding that case number, et cetera is out,"- then qualified the bar to the extent that: "...they may talk about some of the events as we describe them. So, by the foundation that there was an actual event that occurred so that any evidence in this case is not about some fictional event. They can show proof of the fire." The Court then denied the Motion to Bar the testimony of Mottier and the playing of the taped conversation of Palinski and Mottier.

The trial court then went on to allow the State to present facts of the arsons in their opening statement, present details and evidence that Palinski "confessed" to the arsons

-13-

and the evidence of the arsons and other prejudicial materials in the Mottier tape. WHile it is questionable if any evidence of the arsons was relevant, certainly details of them and Palinski's confession to them was not. The State had myriad evidence to argue regarding inducement and predisposition. The only possible purpose served by dumping this information on the jury was to present Palinski as an evil progenitor who desecrated a house of God.

Evidence of a crime for which a defendant is not on trial is inadmissible if relevant merely to establish the defendant's propensity to commit crime. Such other-crimes evidence is objectionable because a jury, upon hearing this evidence might convict the defendant merely because it feels that the defendant is a bad person who deserves punishment.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
ADAM PALINSKI, # R-28536 )
        Petitioner, )
v. ) CASE
  ) NO:_____
JOSEPH MATHY, Warden, ) (Supplied by Clerk of the Court)
        Respondent. )

### NOTICE OF FILING

TO: Clerk, Prisoner Correspondence Office   TO: Lisa Madigan
    U.S. District Court, 219 S. Dearborn     Attorney General
    Chicago, Illinois 60604                       100 West Randolph St.
                                                     12fl., Chicago, Il
                                                     60601

### CERTIFICATE OF SERVICE

I, Adam Palinski, hereby certify that a true and correct copies (2) of the attached "Habeas Corpus Petition" has been served on the Clerk of the Northern District Court for the Eastern Division, and a copy to the above named Attorney General. The same being sent via United States Mail, with proper postage having been paid at the Pontiac Correctional Center, on _August 7th_ 2008.

28 U.S.C. 1746, I declare under
the penalty of perjury, that there                Affiant,
is no Notary available to me at this              /s/ Adam Palinski
time and on this date _7th_ of _August_ 2008,
I signed and mailed these legal documents.